# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| KAREN BOOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 5:19-06076-CV-RK |
| | ) |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, S.I., | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant American Family Mutual Insurance Company ("Defendant")'s Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("the Motion"). (Doc. 10.) The Motion is fully briefed. (Docs. 11, 12, 13.) After careful consideration and for the reasons below, the Motion is **DENIED.**

## Background

On April 29, 2019, Plaintiff Karen Book ("Plaintiff") filed this suit against Defendant in the Circuit Court of Buchanan County. (Doc. 1-2.) On June 3, 2019, Defendant removed this case from the Circuit Court of Buchanan County to this Court pursuant to diversity jurisdiction. (Doc. 1.) On June 11, 2019, Plaintiff filed an Amended Complaint. (Doc. 8.) The Amended Complaint brings the following allegations. Plaintiff was an employee of Defendant for thirty-seven years before her employment was terminated. At the time of her termination, Plaintiff was the Operations Manager for the Sales and Service Call Center. Plaintiff was fifty-seven years old when her employment was terminated. Plaintiff alleges she was discriminated against based on her age and brings this age discrimination action against Defendant under the Missouri Human Rights Act ("MHRA").

## Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Wilson*, 850 F.3d at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 263 Fed. Appx. 753, 864 (8th Cir. 2008).

**Discussion**

To succeed on an age discrimination claim under the MHRA, Plaintiff must sufficiently plead the following elements: (1) Plaintiff was a member of a protected class when her employment ended; (2) Plaintiff was qualified for the position she held with Defendant; (3) Plaintiff's employment was terminated; and (4) the circumstances surrounding her termination provide an inference of unlawful discrimination. *Riley v. Lance, Inc.*, 518 F.3d 996, 1000 (8th Cir. 2008).

Defendant concedes that the Amended Complaint sufficiently pleads the first three elements of an age discrimination claim under the MHRA; therefore, the issue before this Court is whether Plaintiff sufficiently pleads the final element of an age discrimination claim under the MHRA. Plaintiff can defeat the motion to dismiss concerning the final element by sufficiently alleging that a similarly situated but "substantially younger" individual was treated differently than Plaintiff. *Lewis v. St. Cloud State Univ.*, 467 F.3d 1133, 1136 (8th Cir. 2006). *See also Porter v. City of Lake Lotawana*, 2009 U.S. Dist. LEXIS 27500, at *114 (W.D. Mo. Mar. 31, 2009) ("[t]he inference can be drawn by showing that similarly situated individuals under the age of 40, or substantially younger than plaintiff, were treated more favorably"). The Amended Complaint provides the following allegations in support of the final element of an age discrimination claim under the MHRA.

- "Plaintiff's termination was unrelated to her performance as the Operations Manager for the Sales and Service Call Center as an employee for American Family." (Doc. 8, ¶ 27.)

2

- "At the time of her termination, Plaintiff was fifty-seven (57) years old." (*Id.*, ¶ 29.)
- "Defendant American Family terminated Plaintiff and replaced her with a similarly situated but substantially younger employee." (*Id.*, ¶ 30.)
- "Plaintiff's age was a motivating factor to her termination by American Family." (*Id.*, ¶ 31.)
- "Defendant American Family terminated plaintiff in violation of the Missouri Human Rights Act, RSMo. § 213.055.1." (*Id.*, ¶ 32.)

In viewing all facts and inferences in Plaintiff's favor, the Court finds that the Amended Complaint pleads a claim for age discrimination under the MHRA. The Amended Complaint sufficiently alleges that the circumstances surrounding Plaintiff's termination provide an inference of unlawful discrimination because Plaintiff alleges she was replaced by a similarly situated but substantially younger employee. *See Riley*, 518 F.3d at 1000 (the court held because the parties agree the plaintiff was replaced with a substantially younger employee, "[t]hat fact alone gives rise to the necessary inference of age discrimination"). *See also Ward v. Int'l Paper Co.*, 509 F.3d 457, 461 (8th Cir. 2007) (in a summary judgment action, the court held that the inference of unlawful discrimination can be satisfied "by producing evidence that a substantially younger worker replaced the plaintiff"); *Porter*, 2009 U.S. Dist. LEXIS 27500, at *116 (the court held that "[b]eing replaced by a younger individual in a non-RIF [reduction in force] case supports a reasonable inference of age discrimination for purposes of establishing a prima facie case"). Therefore, Plaintiff the Amended Complaint satisfies Rule 12(b)(6)'s pleading standards.

## Conclusion

Accordingly, Defendant's Motion to Dismiss (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 25, 2019