## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Karen Book,                 )
                                         )
                 Plaintiff,      )
                                         )
              v.               )      Case No.  5:19-cv-06076-RK
                                         )
American Family Mutual Insurance  )
Company, S.I.                  )
                                       )
                 Defendant.    )

## PLAINTIFF KAREN BOOK'S SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Plaintiff Karen Book respectfully submits the following Suggestions in Support of Plaintiff's Motion to Extend Discovery pursuant to Local Rule 16.3(a). As explained below, Defendant has not been able to secure deposition availability for several witnesses within the discovery period, which is currently scheduled to end on February 28, 2020. As of the filing of this Motion, Defendant has still not provided deposition availability for two witnesses which Plaintiff inquired about over three weeks ago. Plaintiff also served written discovery on January 30, 2020 which is needed for Plaintiff to fully examine these witnesses. Pursuant to Local Rule 16.3(a), Plaintiff requests the discovery deadline be extended to April 28, 2020.

## BACKGROUND

Plaintiff filed this action against American Family Mutual Insurance Company ("American Family") in the Circuit Court of Buchanan County on April 29, 2019. On June 3, 2019, Defendant American Family removed the action to the U.S. District Court for the Western District of Missouri. On July 25, 2019, the Court entered a scheduling order setting the deadline for discovery to be February 28, 2020.

## I.      Plaintiff's Attempts to Schedule Depositions

On January 14, 2020, Defendant noticed Plaintiff's deposition for February 4, 2020. Dkt. No. 34. Plaintiff's deposition was the first taken by either Party in this case. On January 28, 2020, Plaintiff provided Defendant with a list of witnesses for depositions in February. *See* Ex. A.[1] The next day at the status conference before this Court, Plaintiff's counsel raised deposition scheduling concerns and requested a 30-day discovery extension. The Court declined to extend discovery at that time, noting that a concrete scheduling issue had not yet materialized.

Since January 28, Plaintiff's counsel has made repeated attempts to secured deposition dates for eight witnesses, including four witnesses that require out-of-state travel. On February 3, 2020, Plaintiff's counsel sent Defendant a proposal for scheduling the depositions within the discovery period; stated that Plaintiff would attempt to schedule certain local witnesses in the morning and afternoon on a single date; and would schedule out-of-state witnesses on adjacent days to minimize repeat travel. Plaintiff proposed the following:

| Witness | Date(s) | Location |
|---|---|---|
| Dee Vestal & Stephanie Bush | 2/10 - 2/14 | St. Joseph, MO |
| Kevin Williams & Andrew Turk | 2/10 - 2/14 | St. Joseph, MO |
| April Beuford | 2/18 | Des Moines, Iowa |
| Candy Embray | 2/20 | Kansas City, MO |
| Tim Johnston | 2/25 OR 2/26 | Madison, Wisconsin |
| American Family Corp. Rep. | 2/26 OR 2/27 | Madison, Wisconsin |

Ex. B. On February 7, Defense counsel responded that the week of February 9–14 would not work for Defendant. *Id.* Plaintiff's counsel responded the same day requesting, again, "that Defendant consent to a one-month extension of discovery, as contemplated and discussed at the last status conference." *Id.*

---

[1]      Plaintiff has omitted parts of the email chain prior to January 28, 2020 that contain discovery discussions not pertinent to this Motion.

2

By February 13, Plaintiff still had not received availability for a single witness. Plaintiff then noticed the depositions for the local witnesses across two days (February 19 and 24). Dkt. Nos. 30, 31, 32, 33. [2]

On February 14, Defense counsel represented that the out-of-state depositions would need to occur in mid-March, after the close of discovery, but still was not able to provide any concrete dates.[3] On February 18, Defense counsel provided dates for Ms. Embray's and Ms. Beauford's depositions via email.[4]

As of the filing of this Motion, Defendant still has not provided deposition availability for Mr. Johnston or American Family's corporate representative.

## II.    Ongoing Written Discovery and Document Productions

Both Parties have engaged in multiple rounds of written discovery since August of 2019. *See* Dkt. Nos. 21, 23, 24, 27, 30, 32, 33, 35, 37. This discovery is ongoing: Defendant supplemented its Rule 26 disclosures on January 15 and made supplemental document productions on February 6 and 18, 2020.[5] Additionally, on January 30, Plaintiff served her Second Set of Interrogatories and Second Requests for Production. These requests consist of eight interrogatories, and 10 requests for production.

Defendant's position is that Defendant "will not respond" to the January 30 discovery because they are due on February 29 and thus untimely. However, most of these requests explicitly reference prior discovery responses, or cite to previously produced bates-numbered

---

[2]    The February 19 depositions took place in St. Joseph as noticed. Defense counsel indicated that the February 24 depositions will also proceed as planned.

[3]    Defense counsel did not provide dates for the deposition but stated they "hope to have those soon."

[4]    Defense counsel stated Ms. Embray is available on March 18 or 19 in Madison, WI and Ms. Beauford is available February 27 or 28 and March 3, 4, or 6 in West Des Moines, IA.

[5]    Defendant did not file certificates of service for these productions.

3

documents. Additionally, Plaintiff identified certain website posts and marketing material that American Family posted on the internet but has not yet produced in this litigation.

**STANDARD**

Local Rule 16.3(a) provides that a party may have for an extension of a deadline in the scheduling order and that the "[d]emonstrate a specific need for the requested extension" and "[c]ontain a detailed proposed amendment to the previously entered scheduling order." It further states that for "motions to extend the deadline for completion of all discovery, the remaining discovery must be specifically described and scheduled, e.g., the motion must provide the names of each remaining deponent and the date, time, and place of each remaining deposition." Local Rule 16.3(b) states that a party may move to extend the deadline for the close of discovery only if the parties have been actively engaged in discovery.

**ARGUMENT**

Plaintiff seeks a 60-day extension of discovery because: (1) the Parties have been unable to schedule the necessary deposition during the discovery period; and (2) there is a need for additional written discovery.

On January 28, Plaintiff contacted defense counsel and requested potential deposition dates for several American Family employees and the deposition of American Family. Ex. A. On February 3, Plaintiff proposed deposition dates for each deposition within the discovery period. Ex. B. Defendant did not respond with specific dates for any of the deposition until *three weeks* after Plaintiff's initial inquiry.[6] On February 18—only 10 days before the close of discovery— Defendant stated that Ms. Beauford could be available on February 27 or 28 or on March 3, 4, or

---

[6]     On February 14, defense counsel stated, "We are trying to secure dates for Johnston, Embray, and Beauford and hope to have those soon. It is likely we will need to conduct at least Johnston and Embray in March (e.g., the week of March 16)." However, defense counsel did not confirm Ms. Embray's availability until February 18.

6, and that Ms. Embray would have to be deposed on March 18 or 19. Ex. C. Defense counsel's email did not mention the depositions of Mr. Johnson or American Family. Accordingly, Plaintiff seeks the requested extension to accommodate the scheduling of the remaining depositions as identified in paragraph 6 of Plaintiff's Motion.

Plaintiff also seeks the requested extension to complete written discovery. As noted above, Plaintiff served additional discovery on January 30. This discovery was primarily prompted by American Family's previous discovery responses, or by new information found on American Family's websites.

The discovery served on January 30 (due February 29) is necessary for Plaintiff to examine: April Beauford (the individual that replaced Plaintiff the same day of her termination); Tim Johnston (the director Plaintiff reported to and who terminated Plaintiff); Candy Embray (also involved in Plaintiff's termination); and American Family's corporate representative. All of these depositions will occur in March or later, based on Defendant American Family's stated availability.

A discovery extension to April 28, 2020 will permit both Parties the opportunity to complete all remaining discovery following the completion of the depositions. Plaintiff proposes the last deposition occur on March 20, 2020 (the deposition of American Family). If issues arise during the depositions which require additional written discovery, the parties will have time to serve and respond to that discovery within the new discovery period.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Extend Discovery and Order that the deadline for the close of discovery shall be extended to April 28, 2020.

5

Date:  Feb. 21, 2020                    MONTEE LAW FIRM, P.C.

_/s/ Jeffrey Blackwood_
Jeffrey Blackwood, MO#71445
James Montee, MO #33489
Amanda Blackwood, MO#65054
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 Fax
monteelaw@outlook.com
amontee@monteelawfirm.com
jblackwood@monteelawfirm.com


*ATTORNEYS FOR PLAINTIFF*