## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

KAREN BOOK,                              )
                                         )
        Plaintiff,        )
                                         )
        v.               )    Case No. 5:19-06076-CV-RK
                                         )
AMERICAN FAMILY MUTUAL                   )
INSURANCE COMPANY, S.I.,                 )
                                         )
        Defendant.        )

## ORDER

Before the Court is Plaintiff's motion for a 60-day extension of the discovery deadline. (Doc. 42.) Defendant opposes the motion. (Doc. 44.) After careful consideration, the motion is **GRANTED**.

This case was filed on April 29, 2019, and was removed to this Court on June 03, 2019. (Doc. 1.) On July 25, 2019, the Court entered a scheduling order, which established the discovery deadline as February 28, 2020. (Doc. 17.) Plaintiff served interrogatories and requests for production of documents on Defendant on August 7, 2019. (Doc. 21.) Defendant responded to those requests on September 6, 2019. Then, on January 28, 2020, Plaintiff's counsel emailed Defendant's counsel regarding additional depositions, including the deposition of an undefined corporate representative of Defendant. (Doc. 44-1.) The next day, at a status conference on January 29, 2020, Plaintiff requested a 30-day extension of discovery. (Doc. 36.) The Court construed Plaintiff's request as giving the Court notice of a potential discovery dispute, but that the request was premature at that time. (*Id*.) Plaintiff now seeks a 60-day extension of the discovery deadline to take the deposition of several witnesses, including the corporate representative of Defendant,[1] and to obtain responses to written discovery propounded upon Defendant on January 30, 2020.

---

[1] The Court notes that it does not appear Plaintiff has complied with the requirements of Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). Specifically, Plaintiff has not described "with reasonable particularity the matters for examination." As such, if Plaintiff wishes to proceed with a Rule 30(b)(6) deposition, Plaintiff must serve a notice of deposition(s) within seven (7) days of this order which complies with the requirement of Rule 30(b)(6). While the discovery deadline is being extended, if Defendant believes the requirements of Rule 30(b)(6) are still not being met, they are welcome to proceed with the Court's discovery dispute protocol.

A court may modify a scheduling order "upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (quotation omitted). "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Id.* (citation and quotation omitted). The Court finds that good cause, the lack of prejudice, and the early nature of the case warrant an extension of the discovery deadline.

Defendant argues such a 60-day extension is unwarranted because they have already agreed to the deposition of fact witnesses out of time, Plaintiff has failed to comply with Fed. R. Civ. P. 30(b)(6), and Plaintiff has not been diligent in pursuing discovery. The Court disagrees. Because Defendant has already agreed to allow the deposition of fact witnesses, an extension of time will not affect whether said witnesses are deposed. Regarding the deposition of Defendant's corporate representative, Plaintiff originally emailed Defendant about a Rule 30(b)(6) deposition on January 28, 2020, within the discovery deadline. While Plaintiff did not comply with Rule 30(b)(6), such error does not warrant denying a motion to extend the discovery deadline in this case. As to the written discovery Plaintiff now seeks, Plaintiff originally served the requests on January 30, 2020. (Doc. 37.) Defendant's response was due March 2, 2020, one business day after the discovery deadline. *See* F. R. Civ. P. 6(a)(1)(C). Plaintiff contends such discovery is necessary for the examination of witnesses scheduled to be deposed after the discovery deadline. (*See* Doc. 43.) Thus, an extension is warranted. Finally, because this case is still in a relatively early stage of litigation, significant prejudice is unlikely to occur by an extension.

Accordingly, and after careful consideration, Plaintiff's motion to extend the discovery deadline by 60 days is **GRANTED.** The extension of the discovery deadline impacts other deadlines in the current scheduling order. The Court will issue an amended scheduling order following this Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 4, 2020