IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KAREN BOOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-06076-CV-RK |
| | ) |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, S.I., | ) |
| | ) |
| Defendant. | ) |

## ORDER EXTENDING DISCOVERY DEADLINE

Before the Court is Plaintiff's motion for extension of time to complete discovery. (Doc. 56.) The motion is fully briefed. (Docs. 57, 59, 60.) After careful consideration the motion is **GRANTED**.

On February 21, 2020, Plaintiff filed a written motion for a sixty-day extension of discovery. (Doc. 42.) That motion was granted, extending the discovery deadline to April 28, 2020. (Doc. 45.) On March 16, 2020, the Court held a discovery hearing in which it ordered that written discovery was to be produced by March 30, 2020, and depositions were to be scheduled for around April 6, 2020. (Doc. 53, minute entry.) Following that hearing, several stay-at-home orders were issued locally and throughout the country due to the COVID-19 Pandemic, hindering the parties from completing the depositions. The parties had some discussions in March and April 2020 to take the depositions of four witnesses outside of the discovery deadline. (*See* Docs. 59-1, 59-2, 60-1.) Defense counsel asked Plaintiff's counsel whether they would be filing a motion to extend the April 28, 2020, discovery deadline on both April 22 and April 27, 2020.[1] (Docs. 59-2.) Plaintiff, instead of filing a timely motion to extend, waited over two weeks after the discovery deadline to file her motion to extend the deadline.

A court may modify a scheduling order "upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements."

---

[1] The email communications sent to Plaintiff's counsel were only sent to Jeffrey Blackwood. Plaintiff's counsel further represented their office was closed due to COVID-19. However, Mr. Blackwood was still counsel of record and was the point of contact for previous communications between the parties.

*Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (quotation omitted). "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Id.* (citation and quotation omitted). The Court finds another extension of the discovery deadline is warranted.

Defendant previously agreed to allow the deposition of the witnesses now to be deposed. While Plaintiff failed to timely move for an extension, they were operating under the perceived agreement that the depositions would be allowed outside of the discovery deadline, and their office was closed due to COVID-19. However, the Court is not unsympathetic to Defendant's concerns, namely that Defendant has now filed a motion for summary judgment. Had Plaintiff timely filed a motion for extension, this would have allowed Defendant to delay filing their summary judgment motion beyond May 28, 2020. The Court recognizes that allowing the depositions now may cause some prejudice to Defendant. Such prejudice is diminished, however, by the fact that Plaintiff's cause of action, as well as the elements and facts to prove that cause of action, have been known since the outset of this case. The Court recognizes Defendant may now incur additional costs as well. Therefore, it is hereby **ORDERED**:

1. Plaintiff's motion to extend the discovery deadline (Doc. 56) is **GRANTED**. Plaintiff is ordered to schedule and take the deposition of the remaining witnesses as expeditiously as possible, using videoconferencing if necessary;
2. Defendant shall have an additional opportunity to supplement their motion for summary judgment. Any supplement to the motion for summary judgment shall be filed within thirty days of the last deposition;
3. Because Plaintiff's untimely filing may cause Defendant to supplement their motion for summary judgment, incurring additional costs to the Defendant, Defendant may file, contemporaneously with any supplement to the motion for summary judgment, a motion for costs. A normal briefing schedule for any motion for costs will apply, and the Court will consider the merits of any motion after briefing has occurred.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 8, 2020